```
                 UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BECKLEY
```

**ERMA CLAY,**

    **Plaintiff,**

v.                                               Civil Action No: 5:05-0865

**ASSURANT GROUP,**
**BANK ONE, N.A.,**
**AMERICAN BANKERS LIFE ASSURANCE GROUP,**

    **defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand for lack of unanimity among the defendants in their consent to removal.  Having reviewed the record and applicable law, for the reasons outlined below the court (1) GRANTS plaintiff's motion for remand (Doc. No. 6), (2) REMANDS the case to Circuit Court of Raleigh County, and (3) DIRECTS the Clerk to remove this matter from the court's active docket.

On September 28, 2005, plaintiff brought this action in the Circuit Court of Raleigh County, West Virginia against Assurant Group ("Assurant"), Bank One, and American Bankers Life Assurance Group ("American Bankers") (Civil Action No. 05-C-932-K).  On September 30, 2005, the Secretary of State for West Virginia accepted service of process for all three defendants.  (Doc. No. 6 at 2.)  Two defendants, Assurant and American Bankers, filed a notice of removal in this court on October 28, 2005.  Bank One did not join that notice and did not file a consent to removal.  Now,

plaintiff moves to remand and defendant does not object.  (Doc. No. 9 at 2).

In general, all defendants must join in the notice of removal by joining the original notice or filing a consent to removal.  See 28 U.S.C. § 1446(b); Lloyd v. Cabell Huntington Hosp., Inc., 58 F. Supp. 2d 694, 697 (S.D. W. Va. 1999) (Haden, J.).  Each defendant must consent to removal within thirty days of its respective date of service.  McKinney v. Bd. of Tr. of Md. Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992).

Here, Bank One's thirty day period in which to file a consent to removal or notice of removal expired on October 30, 2005 and Bank One failed to consent to removal within that time.  Therefore, because one defendant does not consent to removal, this case must be remanded to state court.  The court hereby orders this case be remanded to the Circuit Court of Raleigh County, West Virginia.

For the reasons outlined above, the court (1) GRANTS plaintiff's motion for remand (Doc. No. 6), (2) REMANDS the case to Circuit Court of Raleigh County, and (3) DIRECTS the Clerk to remove this matter from the court's active docket.  The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record.  Additionally, the clerk is directed to send a certified copy of this Order to the Circuit Court of Raleigh County, West Virginia.

It is SO ORDERED this 7th day of December, 2005.

ENTER:

David A. Faber
Chief Judge